IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF WYOMING



FILED
U.S. DISTRICT COURT
DISTRICT OF WYOMING
2021 SEP 17 PM 2: 03
MARGARET BOTKINS, CLERK
CASPER

| | |
|---|---|
| UNITED STATES,<br><br>Plaintiff,<br><br>vs.<br><br>ASHLEY ROSE YELLOWBEAR,<br><br>Defendant. | Case No. 20-CR-50-SWS |

## ORDER DISMISSING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE UNDER 18 U.S.C. § 3582(c)(1)(A)

This matter comes before the Court on Defendant's pro se *Motion for Compassionate Release* (ECF No. 163). While the Defendant has likely exhausted her administrative remedies, she has not demonstrated extraordinary and compelling reasons to justify her release under 18 U.S.C. § 3582(c)(1)(A). Additionally, early release would be in stark contradiction to sentencing factors under 18 U.S.C. § 3553(a). Accordingly, the Court finds Defendant's motion should be dismissed.

### BACKGROUND

Defendant Ashley Rose Yellowbear is serving a 135-month sentence for a heinous abduction and beating of two siblings in Riverton, Wyoming on the Wind River Indian Reservation. The abduction involved the use of handcuffs and zip ties to restrain the two victims, the assault of each of them with tire irons and lug wrenches, and the abandonment of one of the victims in a burned out and deserted residence, with her hands still restrained, in freezing conditions which would have undoubtedly led to her death had it not been for

intervention. (*See* Presentence Report, ECF No. 113 at 5-6.) Both victims suffered serious bodily injuries and the evidence before the Court showed that despite several individuals participating in the offense, the Defendant was the principal instigator and leader of the violent assaults. (*Id.* at 6-22.)

Defendant was charged via indictment with kidnapping and assault with a dangerous weapon, in violation of 18 U.S.C. § 1201 (kidnapping) and §§ 113(a)(3) and 1153 (assault), respectively. (ECF No. 1.) On August 5, 2020, the Defendant entered a guilty plea to the kidnapping charge pursuant to a binding plea agreement with the Government. (*See* ECF Nos. 97, 102.) The plea agreement stipulated to a sentence not to exceed 151 months and a dismissal of the assault charge at sentencing. (ECF No. 97.) Defendant's Advisory Guideline was calculated after she entered her plea, providing a range of 161-210 months. Defendant appeared for sentencing on October 15, 2020 and was sentenced to 135 months in prison, to be followed by five years of supervised release. (ECF No. 152.) Defendant filed the instant motion on May 19, 2021, only seven months after receiving her over eleven-year sentence. (ECF No. 163.) Defendant is serving her sentence in the Federal Correction Institution in Dublin, California and has an anticipated release date of August 2, 2029. Defendant did not appeal her conviction or sentence.

Defendant filed her current motion for early release under 18 U.S.C. §3582(c)(1)(A), citing the COVID-19 pandemic and her apparently new undisclosed cardiac condition necessitating surgery—unknown during the drafting of her presentence report—as justification for release. The Government disputes Defendant's purported health condition, highlighting her BOP records which do not support such a claim. (ECF No. 170

at 5, *see also* ECF No. 168-1 at 12, 19, 29.) Additionally, the Government argues Defendant is not eligible for early release under the sentencing factors in § 3553(a).

## LEGAL STANDARD

"A district court does not have inherent authority to modify a previously imposed sentence; it may do so only pursuant to statutory authorization." *United States v. Smartt*, 129 F.3d 539, 540 (10th Cir. 1997); *see also Dillon v. U.S.*, 560 U.S. 817, 819 (2010); *United States v. White*, 765 F.3d 1240, 1244 (10th Cir. 2014) ("[a] district court is authorized to modify a Defendant's sentence only in specified instances where Congress has expressly granted the court jurisdiction to do so") (internal quotation marks and citation omitted). Congress provided such authorization in 18 U.S.C. § 3582(c), which permits a district court to reduce a defendant's term of imprisonment in specified circumstances, including so-called "compassionate release" under § 3582(c)(1)(A). These specified circumstances are jurisdictional prerequisites to any sentence reduction under the statute. *See Smartt*, 129 F.3d at 541 ("Unless the basis for resentencing falls within one of the specific categories authorized by section 3582(c), the district court lacked jurisdiction to consider [defendant's] request."); *United States v. Brown*, 556 F.3d 1108, 1113 (10th Cir. 2009). Thus, when a sentence reduction is not authorized by § 3582(c), the court should dismiss the motion without prejudice for lack of jurisdiction. *See United States v. Whittaker*, 777 F. App'x 938, 940 (10th Cir. 2019); *United States v. Saldana*, 807 F. App'x 816, 820-21 (10th Cir. 2020); *United States v. White*, 765 F.3d 1240, 1250 (10th Cir. 2014).

An inmate seeking compassionate release under § 3582(c) has the burden to show the statute authorizes a reduction of his or her sentence. *See United States v. Jones*, 836

F.3d 896, 899 (8th Cir. 2016) (defendant bears burden of demonstrating entitlement to relief under § 3582(c)(2)); *Saldana*, 807 F. App'x at 820 (movant required to show § 3582(c) authorizes relief for the court to have jurisdiction); *United States v. Pullen*, No. 98-40080-01-JAR, 2020 WL 4049899, at *2 (D. Kan. July 20, 2020) ("defendant requesting compassionate release bears the burden of establishing that compassionate release is warranted under the statute"). Under § 3582(c)(1)(A)(i), a district court may reduce a term of imprisonment upon motion of a defendant who has exhausted his administrative rights[1] where three requirements are met: "(1) the district court finds that extraordinary and compelling reasons warrant such a reduction; (2) the district court finds that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission; and (3) the district court considers the factors set forth in § 3553(a), to the extent that they are applicable." *United States v. McGee*, 992 F.3d 1035, 1042 (10th Cir. 2021).

In *McGee*, the Tenth Circuit adopted a test used by the Sixth Circuit to determine whether a district court can grant a motion for a reduction in sentence under § 3582(c)(1)(A), which provides three steps: (1) determine whether "extraordinary and compelling circumstances" warrant a sentence reduction, (2) find whether such reduction is consistent with *applicable* policy statements, (3) consider any applicable § 3553(a) factors and "determine whether, in its discretion, the reduction authorized by steps one and

---

[1] A court may consider a request for compassionate release only upon motion of the BOP, "or upon motion of the defendant *after* the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier[.]" 18 U.S.C. § 3582(c)(1)(A) (emphasis added).

two is warranted in whole or in part under the particular circumstances of the case." *See id.* at 1042-43 (citing *United States v. Jones*, 980 F.3d 1098, 1107-08 (6th Cir. 2020) (emphasis in original)). The *McGee* court definitively found the district courts are not bound by U.S.S.G. § 1B1.13 and its related comments, as these policy statements are not applicable to a defendant's motion for relief under § 3582(c)(1)(A). *See id.* at 1050. Ultimately, "[b]ecause Guideline § 1B1.13 is not 'applicable' to compassionate release motions brought by defendants, Application Note 1(D) cannot constrain district courts' discretion to consider whether any reasons are extraordinary and compelling." *Id.* (quoting *United States v. Brooker*, 976 F.3d 228, 236 (2d. Cir. 2020)). Under this interpretation, district courts have more discretion to consider reasons which might reach the "extraordinary and compelling" threshold to justify early release. Of note, while the Tenth Circuit has determined U.S.S.G. § 1B1.13 is no longer applicable to defendant-filed motions under § 3582(c)(1)(A), it has not indicated which, if any, policy statements are applicable.[2] The Tenth Circuit also adopted the Sixth Circuit's position that district courts may deny a compassionate release motion under § 3582(c)(1)(A) if any of the three requirements are not met, leaving no need to address the remaining requirements. *Id.* at 1043 (citing *United States v. Elias*, 984 F.3d 516, 519 (6th Cir. 2021)).

In reducing a defendant's term of imprisonment under § 3582(c)(1)(A), a court "may impose a term of probation or supervised release with or without conditions that does

---

[2] Judge Tymkovich in *United States v. Maumau* highlights this point in his concurring opinion, explaining, "[u]ntil the Sentencing Commission updates its guidance, there is *no* 'applicable policy statement' . . . that constrains the district court's discretion to consider whether a defendant-filed motion satisfies the 'extraordinary and compelling' standard." 993 F.3d 821, 838 (10th Cir. 2021) (emphasis added).

not exceed the unserved portion of the original term of imprisonment." Among the discretionary conditions of probation or supervised release, a court may require the person to "reside at . . . a community corrections facility . . . for all or part of the term[.]" 18 U.S.C. §§ 3563(b)(11), 3583(d). Accordingly, if Defendant meets the requirements for compassionate release, this Court could reduce her term of imprisonment, impose a special term of probation or supervised release, and require Defendant to serve that special term (or some portion of it) in community confinement. The Court will review Defendant's motion with these standards in mind.

## DISCUSSION

As a preliminary matter, it appears Defendant has properly exhausted her administrative remedies. Defendant appears to have filed a request for a compassionate release with her warden on April 11, 2021. (*See* ECF No. 163 at 10.) The warden denied her request on May 21, 2021. (ECF No. 169.) Thus, the Government concedes, and this Court agrees the threshold requirement under § 3582(c)(1)(A) is satisfied.

Turning next to extraordinary and compelling circumstances, the Court agrees with the Government that Defendant has not demonstrated such circumstances to justify her early release. In *McGee* and *Maumau*, the Tenth Circuit broadened the standard for a finding of extraordinary and compelling circumstances, finding a district court has the authority to "determine for themselves" what constitutes extraordinary and compelling reasons, and to use the Sentencing Commission's descriptions of "characteristic or significant qualities or features that typically constitute 'extraordinary and compelling

reasons,'" to serve as guideposts. *See Maumau*, 993 F.3d at 832. Despite this broadened standard, Defendant does not demonstrate extraordinary and compelling circumstances.

Defendant primarily argues the COVID-19 pandemic, particularly its effect on the prison system, puts her at severe risk because of her personal health conditions. (*See* ECF No. 163 at 5-3.) She alleges she suffers from underlying chronic medical conditions identified by the CDC as making her more prone to COVID-19. (*Id.* at 5.) Defendant admits she has already contracted and recovered from COVID-19 and she is vaccinated. (ECF No. 171 at 4, 8, *see also* ECF No. 169-1 at 13 (noting "History of COVID") and 45 (indicating vaccine administration on 3/3/2021 and 4/27/2021).) While Defendant claims these medical conditions are "well-documented" in her BOP records, that is not necessarily the case. Defendant's medical records do make mention of a history of a heart murmur, but never indicate any necessary medical intervention. (ECF No. 169-1 at 12, 19, 29.) The BOP ordered her to receive an EKG on April 26, 2021 (*id.* at 4), which was apparently completed on May 5, 2021. (*Id.* at 42.) But there are no subsequent treatments or medications prescribed since the EKG. Defendant's "current" conditions make no mention of any cardiac-related issues and primarily focus on mental health and substance abuse disorders. (*Id.* at 41.) Ultimately, Defendant fails to make a showing that her medical conditions put her at a heightened risk of contracting COVID-19—particularly since she has already had it and is fully inoculated.

Even if Defendant's stated medical conditions were verifiable and did put her at a greater risk from contracting COVID-19 again, Defendant meets another hurdle to early release, as she does not satisfy the third requirement for release under § 3582(c)(1)(A). *See*

*McGee*, 2021 WL 1168980 at *6 (citing *United States v. Elias*, 984 F.3d 516, 519 (6th Cir. 2021) ("We also agree with the Sixth Circuit that "district courts may deny compassionate-release motions when any of the three prerequisites listed in § 3582(c)(1)(A) is lacking and do not need to address the others.")). One of the three prerequisites for release to be considered by district courts is whether a release would be consistent with sentencing factors enumerated in § 3553(a). *See id.* at *5. Unfortunately for Defendant, many factors under § 3553(a) weigh against her release. Under § 3553(a)(1), a court must "consider . . . the nature and circumstances of the offense and the history and characteristics of the defendant." Under § 3553(a)(2)(A), a court must also "consider . . . the need for the sentence imposed . . . to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense." And under § 3553(a)(2)(B) and (C), a court must "consider . . . the need . . . to afford adequate deterrence to criminal conduct . . . [and] protect the public from further crimes of the defendant."

Most notably, the offense for which Defendant was imprisoned was indisputably a violently atrocious one which could have easily lead to the death of two innocent people. The kidnapping and violent assaults she and her colleagues carried out left her victims seriously injured. Given this fact alone, Defendant is not deserving of an 85% reduction in her sentence, as it was fairly imposed given the circumstances and consideration of the 3553(a) factors. Such a reduction in sentence would not reflect just punishment for her crime, nor would it in any way correspond to the seriousness of her offense. It would obliterate any chance of deterring criminal conduct by her or others aware of the situation. In the same vein, Defendant was not the only one sentenced for her actions that day.

Granting her request would unjustifiably create a significant disparity compared with the other defendants in the case, who were notably less culpable. Additionally, Defendant's own personal and criminal history does not support such a reduction. Defendant's presentence report documents a significant problem with substance abuse involving alcohol and multiple controlled substances. Defendant has not been in BOP custody long enough to rehabilitate those problems, making it more likely Defendant would reoffend after receiving such an appreciable sentence reduction. Protecting the public from such future risks is one of the concerns that must animate the court's consideration of her motion. This factor too weighs against granting the motion.

## CONCLUSION

Defendant has not established that extraordinary and compelling circumstances exist to justify release under 18 U.S.C. § 3582(c)(1)(A). Furthermore, such a reduction of her sentence would be contrary to sentencing factors under 18 U.S.C. § 3553(a). Accordingly, this Court is not authorized to grant her a compassionate release, so her motion must be dismissed for lack of subject matter jurisdiction. *See United States v. Everhart*, No. 18-20031-01-DDC, 2021 WL 50984, at *4 (D. Kan. Jan. 6, 2021). Therefore, it is hereby

ORDERED that Defendant's *Motion for Compassionate Release* (ECF No. 163) is DISMISSED without prejudice.

Dated this 17th day of September, 2021.

Scott W. Skavdahl
United States District Judge